| |
|---|
| **Re/Max, LLC v Realzon, LLC** |
| 2025 NY Slip Op 30783(U) |
| March 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 153429/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>**HON. ARLENE P. BLUTH**</u> | **PART**                 **14** |
| *Justice* | |

----------------------------------------------------------------------X

RE/MAX, LLC,

                           Plaintiff,

                      - v -

REALZON, LLC, SHOVKAT MAMEDOV AS GUARANTOR

                         Defendants.

----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153429/2022 |
| **MOTION DATE** | 03/07/2025 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113

were read on this motion to/for        <u>           STRIKE JURY DEMAND          </u>.

Plaintiff's motion is decided as described below.[1]

## Background

In this action, plaintiff seeks to recover pursuant to a franchise agreement it entered into with defendant Realzon, LLC ("Realzon").[2] Defendant Mamedov signed a guaranty in connection with this franchise arrangement. Plaintiff details that the agreement, dated June 11, 2019, was for a five-year term and included the payment of a one-time $35,000 franchise fee along with monthly franchise fees, technology fees, brokerage fees and annual dues. It contends that plaintiff performed its obligations under the contract by providing defendants with the

---

[1] Although defendant Shovkat Mamedov attempted to file a cross-motion, this application was not properly made and so the Court declines to consider it. This defendant did not file a "Notice of Cross-Motion" and pay the fee associated with filing a cross-motion. Instead, defendant uploaded a document labeled as an affirmation (NYSCEF Doc. No. 95) that appears to be a notice of cross-motion. That is not sufficient.

[2] This defendant was previously dismissed from this action (NYSCEF Doc. No. 59).

**153429/2022   RE/MAX, LLC vs. REALZON, LLC ET AL**
**Motion No.  004**

**Page 1 of 5**

[* 1]

franchise marks and related membership services but that defendants did not pay the outstanding fees. Plaintiff insists it sent invoices to defendants. It claims that the outstanding balance is $181,805.48.

In opposition, the only remaining defendant (Ms. Mamedov) claims that she entered into an agreement with plaintiff whereby they assigned the franchise agreement to another entity 100 Max, LLC. She claims they entered into an assignment dated July 18, 2019. Ms. Mamedov argues that she was not the franchisee at the time of the alleged breach of contract and that, therefore, she is an improper party to this action. She contends that plaintiff did not meet its burden to pierce the corporate veil of 100 Max, LLC in order to hold her personally liable. She also argues that the COVID-19 pandemic was an act of G-d and that, therefore, the force majeure clause of the agreement prohibits a finding of breach of contract.

In reply, plaintiff admits that it entered into an assignment whereby the franchise agreement was transferred to 100 Max, LLC. However, plaintiff emphasizes that the assignment specifically states that the obligations of the guaranty would remain in effect. It contends that the assignment reaffirmed Ms. Mamedov's guaranty agreement and that she is therefore liable for the claims asserted here. Plaintiff also argues that Ms. Mamedov's arguments about the pandemic are without merit.

**Discussion**

As an initial matter, the Court observes that the central issue in this motion is not the amount of damages sought by plaintiff; that is, defendant Mamedov does not contest the amount claimed. Rather, the issue is whether she remained liable after the assignment to 100 Max, LLC. The Court observes that the guaranty provided that Mamedov would be "personally bound" and

**153429/2022   RE/MAX, LLC vs. REALZON, LLC ET AL**
**Motion No.  004**

**Page 2 of 5**

2 of 5

"personally liable" for any breach of the franchise agreement (NYSCEF Doc. No. 80). And the assignment specifically states that:

> "Notwithstanding this Assignment, each of the Individual Owners shall continue to be personally responsible for and bound by all of the terms, conditions, covenants and obligations of the Franchise Agreement in accordance with the provisions of Paragraph 12.F of the Franchise Agreement. Further, this Assignment shall in no way affect the obligations of the Individual Owners under the Guaranty and Assumption of Obligations that each of them signed in connection with the Franchise Agreement, which Guaranty shall remain in full force and effect in accordance with its terms" (NYSCEF Doc. No. 93, ¶ 5).

In other words, the assignment explicitly and unambiguously provided that Ms. Mamedov would remain subject to the aforementioned guaranty. Her argument raised in opposition that only the new entity (Max 100 LLC) could be held liable is not a viable reading of the assignment. There is no basis to find that plaintiff agreed to forego the guaranty as part of the assignment; in fact, the assignment states the exact opposite. Quite simply, the assignment did nothing to change her obligations under the guaranty and her guaranty remained in full force.

The Court also rejects defendant Mamedov's claims that the COVID-19 pandemic prevents the Court from holding her liable. Courts have routinely rejected arguments that contracts could be excused or ignored based solely upon the pandemic (*see e.g., 558 Seventh Ave. Corp. v Times Square Photo, Inc.*, 194 AD3d 561, 561-62, 149 NYS3d 55 [1st Dept 2021]). To be sure, the parties' franchise agreement contained a force majeure clause. But defendants ran a real estate business, which meant that it was an essential business that remained open during the pandemic (*see GUIDANCE FOR DETERMINING WHETHER A BUSINESS ENTERPRISE IS SUBJECT TO A WORKFORCE REDUCTION UNDER RECENT EXECUTIVE ORDERS*, New York State Department of Economic Development, available at https://esd.ny.gov/guidance-executive-order-2026 [discussing executive orders about essential businesses]). In other words, while certain businesses may be able to rely upon a force majeure

**153429/2022   RE/MAX, LLC vs. REALZON, LLC ET AL**
**Motion No.  004**

**Page 3 of 5**

3 of 5

[* 3]

clause in the context of being forced to close during the pandemic, defendants cannot (*c.f. Experience N.Y. Now Inc. v 126 W. 34th St. Assoc. L.L.C.*, 224 AD3d 441, 442 [1st Dept 2024] [finding that a business that relied exclusively on in-person souvenir sales to tourists could raise a force majeure argument for the time the business was closed during the pandemic]). Moreover, that excuse rings hollow because the record shows that defendant Mamedov stopped making payments long before the pandemic began.

Because the Court grants plaintiff's motion for summary judgment as against the only remaining defendant, the Court finds that the arguments about striking the jury demand are moot.

The Court also observes that plaintiff raised an account stated theory of recovery. This provides another basis to grant the motion as defendant Mamedov did not directly oppose this branch of plaintiff's motion. That is, she did not deny receiving invoices and instead argued that plaintiff could not recover against her individually. For the reasons stated above, plaintiff certainly can recover from her based upon the guaranty and plaintiff is entitled to summary judgment.

**Summary**

As noted above, the parties do not dispute that they entered into an assignment agreement. However, the provisions of the assignment ensured that defendant Mamedov's guaranty obligations remained in effect. Her claims that the assignment somehow relieved her of any liability in this action are wholly without merit. As are her arguments that the COVID-19 pandemic rendered the contract as moot.

Accordingly, it is hereby

**153429/2022   RE/MAX, LLC vs. REALZON, LLC ET AL**
**Motion No.  004**

**Page 4 of 5**

ORDERED that plaintiff's motion for summary judgment is granted and the Clerk is directed to enter judgment in favor of plaintiff and against the only remaining defendant Shovkat Mamedov in the amount of $181,805.48 plus statutory interest from October 30, 2021 along with costs and disbursements upon presentation of proper papers therefor.

| 3/10/2025 | |
|---|---|
| **DATE** | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | **X** | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153429/2022  RE/MAX, LLC vs. REALZON, LLC ET AL**
**Motion No.  004**

Page 5 of 5